UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANGEL HERRERA,

        Petitioner,

– against –

SUPERINTENDENT LAMANNA,
GREEN HAVEN CORRECTIONAL
FACILITY,

        Respondent.

**MEMORANDUM & ORDER**

20-cv-2587 (ERK)

KORMAN, *J.*:

Angel Herrera was convicted of murder in the second degree after beating Joel Barrera Ponce to death with a wooden stick during a drunken altercation early on the morning of May 16, 2010. Herrera filed this habeas petition seeking relief on a number of grounds. Each of them is without merit.

## DISCUSSION

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") allows a federal court to grant habeas relief to a state prisoner only if a state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

1

of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 409–10 (2000).

A decision "involves an unreasonable application" of federal law where it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams,* 529 U.S. at 407–08. A petitioner must therefore demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). This is a "highly deferential standard," requiring that state courts "be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation omitted). However, "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

**B. Allegedly Unconstitutional Identification Procedures**

Herrera argues that he was subject to an unconstitutionally suggestive lineup. ECF No. 1 at 5, 52–56.[1] The Appellate Division rejected this argument on the merits and "agreed with the [trial judge] that a lineup identification procedure conducted

---

[1] Page number references are to ECF pagination.

2

with an eyewitness to the subject incident was not unduly suggestive." *People v. Herrera*, 155 A.D.3d 890 (2d Dep't 2017). Under the circumstances here, this holding was not an unreasonable application of clearly established Supreme Court precedent.

Herrera himself acknowledges that his identity was not in dispute at trial. ECF No 1. at 55. Indeed, Herrera wrote a statement to police officers in which he admitted to beating Ponce with a stick, and his attorney raised intoxication and justification defenses at trial. ECF No. 4-3 at 437, 535–38. Moreover, one of the eyewitnesses to the attack was a personal acquaintance of Herrera's, and DNA consistent with Herrera's was found on the murder weapon. *Id.* at 104, 231–33. "[R]eliability of eyewitness identification testimony is usually an issue for jury determination," and such evidence is only excluded to preserve a defendant's due process rights when "the degree of unreliability leads to 'a very substantial likelihood of irreparable misidentification.'" *Kennaugh v. Miller*, 289 F.3d 36, 43 (2d Cir. 2002) (quoting *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977)). Where, as here, there is independently reliable evidence of a defendant's identity and the defendant claims that he killed the victim in self-defense, an argument that a pretrial identification procedure deprived the defendant of due process is without merit. *See Briscoe v. Ercole*, 565 F.3d 80, 99 (2d Cir. 2009) (Korman, J., concurring); *Robbs v. Superintendent Green Haven Corr. Facility*, 2019 WL 1232083, at *6 (E.D.N.Y. Mar. 15, 2019).

## C. Insufficiency of Evidence

Herrera argues that the evidence was legally insufficient to support his conviction. ECF No. 1 at 5, 56–63. Specifically, Herrera contends that prosecutors failed to prove beyond a reasonable doubt that he acted with the conscious objective of causing Ponce's death. Herrera raised this sufficiency argument on direct appeal. ECF No. 4-4 at 45–59. The Appellate Division did not explicitly address the legal sufficiency of the verdict but held that the verdict was not against the weight of the evidence. *Herrera*, 155 A.D.3d at 890. "[T]he conclusion that the verdict was not contrary to the weight of the evidence necessarily resolves the issue whether the evidence was legally sufficient to sustain the conviction." *Perkins v. Comm'r of Corr. Servs.*, 2005 WL 3591722, at *1 (E.D.N.Y. Dec. 30, 2005). As the New York Court of Appeals has explained:

> *A guilty verdict based on a legally sufficient case is not the end of our factual analysis but the beginning of our weight of the evidence review. . . .* [W]e are obliged to weigh the evidence and form a conclusion as to the facts. It is not sufficient, as in most of the cases with us, to find evidence which presents a question of fact; it is necessary to go further before we can affirm a conviction and find that the evidence is of such weight and credibility as to convince us that the jury was justified in finding the defendant guilty beyond a reasonable doubt.

*People v. Cahill*, 2 N.Y.3d 14, 58 (2003) (internal citations omitted) (emphasis added). "Obviously, it would be impossible to find that 'the evidence is of such weight and credibility as to convince us that the jury was justified in finding the defendant guilty beyond a reasonable doubt' without first concluding that the

4

evidence was legally sufficient to sustain the verdict." *Perkins*, 2005 WL 3591722, at *2. The Appellate Division's decision on this issue is therefore entitled to AEDPA deference. *Brown v. Annucci*, 2015 WL 6143600, at *7 (E.D.N.Y. Oct. 19, 2015).

On habeas review, a "federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (*per curium*) (internal quotation omitted). Herrera faces a high hurdle to succeed on this claim because "the deference to the state court decisions required by § 2254(d) is applied to the state court's already deferential review" of the evidence. *Id.* at 7.

Petitioner's claim would fail even on *de novo* review, much less the double deference *Cavazos* required. Evidence of Herrera's intent to kill included, among other things, (1) the fact that the victim was struck in the head at least nine times resulting in skull fractures and brain hemorrhaging, ECF No. 4-3 at 201–02, 215, (2) testimony from four eyewitnesses that Herrera and his codefendant repeatedly beat the defenseless victim with a stick, *id.* at 67–68, 142, 231–33, 257–58, 373, and (3) testimony from one of the eyewitnesses that she saw Herrera and his codefendant continue to hit the victim with the stick even after "his head opened up and his brains were out" and that either Herrera or his codefendant was yelling "Kill. Kill" in Spanish, *id.* at 373–74. This evidence was sufficient to demonstrate intent to kill.

*See, e.g.*, *People v. Chancey*, 127 A.D.3d 1409, 1411 (3d Dep't 2015) (holding that intent to kill was established "[i]n light of the number and force of the blows inflicted while the victim was in a defenseless position."); *People v. Hawthorne*, 35 A.D.3d 499, 502 (2d Dep't 2006) (holding that "evidence of the numerous and severe injuries to [victim], including the minimum of 10 blows to his head with a claw hammer . . . clearly demonstrated a 'manifest intent to kill'") (internal quotation omitted).

### D. Prosecutorial Misconduct

Herrera next argues that he was denied due process because of comments that the prosecutor made during a pretrial *Wade* hearing and during summation. ECF No. 5 at 63–64. Herrera raised the prosecutorial misconduct claim on direct appeal, and his argument was rejected by the Appellate Division as unpreserved and without merit. *Herrera*, 155 A.D.3d at 891. Failure to preserve an objection is an independent and adequate state law ground for the Appellate Division's rejection of Herrera's claim of prosecutorial misconduct that precludes Herrera from asserting the claim on habeas review. *Downs v. Lape*, 657 F.3d 97, 102–04 (2d Cir. 2011); *see also Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) (holding that habeas relief is foreclosed as procedurally defaulted when a state court rules that a claim is "not preserved for appellate review," but then rules "in any event" on the merits).

Regardless, Herrera's claim of prosecutorial misconduct fails on the merits. On habeas review, claims of prosecutorial misconduct only warrant relief if the

6

prosecutor's improper comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Jackson v. Conway*, 763 F.3d 115, 146 (2d Cir. 2014) (internal quotation omitted). Here, the prosecutor's comments were appropriate legal arguments at the *Wade* hearing, and the prosecutor's closing statements were fair commentary on the evidence and appropriate responses to arguments made in defendant's summation. The comments were not improper in any way, let alone "sufficient to undermine the fairness of the proceedings when viewed in context," particularly given the overwhelming evidence of Herrera's guilt. *Id.*

**E. Jury Note**

Herrera argues that the way the trial court handled notes it received from the jury during deliberations violated N.Y. Crim Proc. Law § 310.30 and his Sixth and Fourteenth Amendment rights to a fair trial. ECF No. 1 at 70–79. Herrera raised these issues in his *coram nobis* petition. ECF No. 4-4 at 220–26. The Appellate Division did not address this argument when it denied Herrera collateral relief. *People v. Herrera*, 179 A.D.3d 1094 (2d Dep't 2020).

To the extent that Herrera premises his claim for relief on New York state criminal procedure law, it is not cognizable on habeas review. *See Fabers v. Lamanna*, 2020 WL 1875288, at *10 (E.D.N.Y. Apr. 15, 2020) (collecting cases). Although the Appellate Division did not address Herrera's argument when it denied his *coram nobis* petition, his claim fails to satisfy even *de novo* review. "[A] criminal

7

defendant has a Sixth Amendment right to ensure that jury notes are answered in open court and that counsel is given the opportunity to be heard before the judge responds to the note." *Serrano v. Kirkpatrick*, 2013 WL 3226849, at *10 (S.D.N.Y. June 25, 2013) (citing *United States v. Robinson*, 560 F.2d 507, 516 (2d Cir. 1977) (en banc)). Specifically, "(1) the jury's inquiry should be submitted in writing; (2) before the jury is recalled, the note should be read into the record in the presence of counsel and defendant; (3) counsel should be afforded an opportunity to suggest appropriate responses; and (4) after the jury is recalled, the request should again be read in their presence to assure that it accurately reflects their inquiry and that they all appreciate the question being asked." *United States v. Leung*, 40 F.3d 577, 584 (2d Cir. 1994). Even if this procedure is not followed, a defendant must demonstrate prejudice before his conviction is vacated. *United States v. Henry*, 325 F.3d 93, 106 (2d Cir. 2003).

In this case, each of the jury's notes were submitted in writing, the trial court addressed the substance of the notes on the record in the presence of counsel and the defendant (although, in some instances, the court did not read the notes verbatim into the record), counsel had an opportunity to suggest appropriate responses, and the court reviewed the notes again with the jury before answering the jury's questions. ECF No. 4-3 at 544–51, 553–601, 607–11. To the extent that the notes were not read verbatim into the record, Herrera fails to demonstrate prejudice. He is thus not entitled to habeas relief on this ground.

### F. Ineffective Assistance of Counsel

Herrera also claims that he received ineffective assistance of trial and appellate counsel. ECF No. 1 at 5, 65–68, 80–89. The Appellate Division rejected on the merits Herrera's ineffective assistance of trial counsel claim (on direct appeal) and of appellate counsel (on *coram nobis* review). *See Herrera*, 155 A.D.3d at 891; *Herrera*, 179 A.D.3d at 105.

To prevail on a habeas claim based on ineffectiveness of counsel, Herrera must show that (1) his counsel's performance was deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Federal habeas courts conduct a "doubly deferential" review of ineffective assistance of counsel claims denied on the merits by state courts. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). A reviewing federal court must first "take a 'highly deferential' look at counsel's performance" under *Strickland* and then examine whether the state court's decision to deny relief under that standard was "necessarily unreasonable." *Cullen*, 563 U.S. at 190. To succeed, a habeas petitioner must therefore overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and then demonstrate that "there is no possibility fairminded jurists could disagree" that the state court's contrary determination conflicts with clearly established federal precedents. *Harrington*, 562 U.S. at 102; *see also Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010).

Herrera's petition contains a laundry list of supposed errors made by trial counsel that allegedly rendered her assistance ineffective. ECF No. 1 at 65–68. It is unnecessary to address each of Herrera's allegations in any detail. Each of Herrera's ineffective assistance arguments lack merit for the reasons given by the district attorney in his opposition to the petition. ECF No. 4 at 23–27. The Appellate Division correctly held that Hererra was not deprived effective assistance of counsel. Indeed, Herrera does not come close to meeting the second (or prejudice) prong of *Strickland*, given the overwhelming evidence of his guilt, which included testimony from four eyewitnesses, video surveillance evidence, his own admission to police that he beat the victim with the stick, and his DNA on the murder weapon. *Strickland*, 466 U.S. at 687; *Wise v. Smith*, 735 F.2d 735, 739 (2d Cir. 1984). Herrera's arguments with respect to the ineffectiveness of appellate counsel was also reasonably rejected by the Appellate Division.

**G. Excessive Sentence**

Finally, Herrera argues that his sentence of 20 years to life imprisonment was unconstitutionally excessive. ECF No. 1 at 68–69. Herrera's sentence was within the range prescribed by state law, and thus he fails to raise a federal constitutional claim. *See* New York Penal Law §§ 125.25, 700.00(2)(a), (3)(a)(i); *Ross v. Gavin*, 101 F.3d 687 (2d Cir. 1996). "While the Supreme Court has on rare occasions declared unconstitutional sentences that were legally imposed under state law, *see, e.g.*, *Solem v. Helm*, 463 U.S. 277 (1983), petitioner's claim here does not meet the

extraordinarily high standard for challenging a legally imposed sentence." *Edwards v. Capra*, 2020 WL 7385694, at *3 (E.D.N.Y. Dec. 16, 2020)(quoting *German-Yunga v. Racette*, 2016 WL 335865, at *10 (E.D.N.Y. Jan. 27, 2016)).

## CONCLUSION

The petition for relief pursuant to 28 U.S.C. § 2254 is denied. A certificate of appealability is denied.

**SO ORDERED.**

*Edward R. Korman*
Edward R. Korman
United States District Judge

Brooklyn, New York
July 12, 2021

11